## Mayerski v. Pinkney et al.

*Thomas A. Waggoner, Jr.,* and *Wade K. Newell,* for plaintiff.

*Chad L. John,* for defendants.

Morrow, J., July 20, 1943.— . . .

The reason urged for a new trial is thus stated in the brief for the defense: "The jury returned a sealed verdict in the sum of Twelve Hundred Fifty ($1250.00) Dollars, after they had been separated for approximately twelve hours, and having been directed to retire and correct the form of their verdict cannot later return a verdict in a different amount."

The jury came to an agreement about bedtime and presented a sealed verdict at the opening of court the following morning. The verdict for plaintiff as trustee was written on the verdict slip in the sum of $1,250. However, on this verdict slip appeared also a calculation purporting to show how this amount had been determined. The calculation did not seem to be consistent with the verdict for $1,250. This fact was called to the attention of the jury and the verdict slip was handed back to the jury with instructions to retire and make up another. In a short while the jury returned and asked for further instruction, which was given, then retired again, after which a verdict was returned for plaintiff as trustee in the sum of $5,000. There was no change in the amount of the verdict for plaintiff individually for damage to his car. This was $283.10, the amount plaintiff testified that he paid to have his car repaired.

In Kramer v. Kister, 187 Pa. 227, 233, it is stated: "A verdict which is merely defective in form, whether sealed or not, and whether the jury have separated or not, may before it is recorded be recommitted to them for correction, as for example to calculate the interest where they have found for plaintiff for a sum certain with interest:' Wolfran v. Eyster, 7 W. 38; Reitenbaugh v. Ludwick, 31 Pa. 131." However, we feel that the contention of the defense has merit and that the verdict for $5,000 should not be approved, concluding that the reason above stated for a new trial should be sustained unless plaintiff as trustee remits all of the verdict in excess of $1,250.

## Order

And now, July 20, 1943, after consideration, the motion ex parte defendants for judgment in their favor, non obstante veredicto, is refused; the motion ex parte defendants for a new trial is granted, unless plaintiff shall, within 15 days, file a stipulation that he will accept, in full satisfaction of his claim as trustee ad litem, the sum of $1,250, and remit so much of the verdict for him as such trustee as is in excess of that amount. If said stipulation shall be filed, the prothonotary is directed to mark the motion for a new trial overruled, and to enter judgment on the verdict for the sum of $1,250, in favor of plaintiff, Joseph A. Mayerski, trustee ad litem, and against defendants, David Pinkney and William Pinkney, and to enter judgment on the verdict for the sum of $283.10, in favor of plaintiff, Joseph A. Mayerski, individually, and against the said two defendants, on payment of the jury fee.